**THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JUAN RAUL SILVA GONZALEZ, | ) | |
| | ) | |
| *Plaintiff*, | ) | No. 26 C 4596 |
| | ) | |
| v. | ) | Chief Judge Virginia M. Kendall |
| | ) | |
| MARKWAYNE MULLIN, Secretary, Department of Homeland Security; and JOSEPH B. EDLOW, Director, U.S. Citizenship and Immigration Services. | ) | |
| | ) | |
| *Defendants*. | ) | |

**MEMORANDUM OPINION & ORDER**

Plaintiff Juan Raul Silva Gonzalez brought this claim against Defendants Markwayne Mullin and Joseph B. Edlow (collectively "Defendants") in their official capacities under the Administrative Procedure Act, 5 U.S.C. § 555(b), and the Declaratory Judgment Act, 28 U.S.C. § 1361. Plaintiff requests this Court compel the Department of Homeland Security ("DHS") to adjudicate his U Visa Petition, or, alternatively, to place him on the visa waiting list. Defendants move to dismiss, arguing that the Court lacks subject matter jurisdiction, that venue is improper, and that Plaintiff fails to state a claim warranting a writ of mandamus. For the following reasons, the Court GRANTS Defendants' Motion. [6].

**BACKGROUND**

**I. Statutory Scheme: U Visa Petitions**

In 2000, Congress created the "U nonimmigrant status" visa classification ("U Visa") for noncitizen victims of qualifying crimes who cooperate with law enforcement investigations of those crimes. 8 U.S.C. § 1101(a)(15)(U). Acquiring a U Visa enables the noncitizen victim and qualifying family members to receive temporary immigration benefits. U.S. Citizenship &

Immigra. Servs., *Victims of Criminal Activity: U Nonimmigrant Status*, https://www.uscis.gov/humanitarian/victims-of-criminal-activity-u-nonimmigrant-status. When DHS grants a noncitizen U Visa nonimmigrant status, it provides the person with employment authorization documents pursuant to 8 U.S.C. § 1184(p)(3)(B). *See also* 8 C.F.R. § 214.14(c)(7). Congress limits the number of U Visas that can be awarded to 10,000 per fiscal year. 8 U.S.C. § 1184(p)(2). Individuals who, due solely to the 10,000 visa cap, are not granted a U Visa, are placed on a waiting list. 8 C.F.R. § 214.14(d)(2). Petitioners on the waiting list receive final adjudication for their U visas in future years in accordance with the statutory cap, with the oldest petitions receiving priority. *Id.*; U.S. Citizenship & Immigr. Servs., Policy Manual Vol. 3, Part C, Ch. 7. While a petitioner is on the waiting list, U.S. Citizenship and Immigration Services ("USCIS") "will grant deferred action or parole" to such petitioner and "in its discretion, may authorize employment" for such petitioner. 8 C.F.R. § 214.14(d)(2).

Separately, since June 2021, the Secretary of the Department of Homeland Security "may grant work authorization to any alien who has a pending, bona fide [U Visa petition]" via a two-step process.[1] 8 U.S.C. § 1184(p)(6); U.S. Citizenship & Immigr. Servs., Policy Manual, Volume 3, Part C, Chapter 5 – Bona Fide Determination Process, https://www.uscis.gov/policy-manual/volume-3-part-c-chapter-5 (hereinafter USCIS Policy Manual Ch. 5). At step one, DHS makes a "Bona Fide Determination" regarding the petitioner's U Visa status. At step two, DHS assesses "whether the petitioner poses a risk to national security or public safety and otherwise merits a favorable exercise of discretion." USCIS Policy Manual Ch. 5. If DHS makes a favorable

[1] According to the USCIS website, "[t]he bona fide determination process was created with the goal of conducting initial reviews of U nonimmigrant status petitions more efficiently and providing eligible victims of qualifying crimes with employment authorization and deferred action while they await a final adjudication of their petition for U nonimmigrant status under the annual statutory cap." https://www.uscis.gov/records/electronic-reading-room/national-engagement-u-visa-and-bona-fide-determination-process-frequently-asked-questions.

determination at this second step, it will provide the petitioner employment authorization documentation and, potentially, deferred action.[2] *Id.* This two-step process is known as the "Bona Fide Determination Process." *Id.*

## II. Facts of Silva Gonzalez's Petition

The Court draws the relevant facts from Silva Gonzalez's complaint and response to Defendants' motion to dismiss. (Dkt. 1; Dkt. 9).[3] Plaintiff Juan Raul Silva Gonzalez is a Venezuelan national who lived in the United States for nearly twenty-five years. (Dkt. 11 at 10). When in the United States, he typically resided with his family in Chicago, Illinois. (Dkt. 1 ¶¶ 22-23). At some point prior to July 2025, he was the victim of an undisclosed crime that occurred in Addison, Illinois. (*Id.* ¶ 25; Dkt. 9 at 10). After the underlying crime occurred, Silva Gonzalez cooperated with law enforcement and obtained law enforcement certification from the appropriate police department. (Dkt. 1 ¶ 26). On July 16, 2025, Silva Gonzalez filed a Form I-918 U Visa petition and a Form I-765 petition for work authorization with USCIS. (*Id.* ¶ 27). USCIS received both petitions and accorded them receipt numbers IOE8407910548 and IOE8801239633, respectively. (*Id.* ¶¶ 28-29). Neither petition has been adjudicated (*Id.* ¶ 30) and Silva Gonzalez has not received any communications regarding further instructions, documentation, or final adjudication of the petitions. (*Id.* ¶ 31). At the time he filed the complaint, Silva Gonzalez was detained by Immigration and Customs Enforcement at an unknown facility. (*Id.* ¶ 24). Since then, Plaintiff has been "sent to Venezuela[.]" (Dkt. 9 at 9).

---

[2] USCIS grants deferred action or parole to a petitioner after they are placed on the wait list. *See* 8 C.F.R. § 214.14(d)(2).

[3] "[F]acts alleged by a plaintiff in a brief in opposition to a motion to dismiss "may be considered when evaluating the sufficiency of a complaint so long as they are consistent of the allegations in the complaint." *Smith v. Dart*, 803 F.3d 304, 311 (7th Cir. 2015) (citing *Gutierrez v. Peters,* 111 F.3d 1364, 1367 n. 2 (7th Cir.1997); *Albiero v. City of Kankakee,* 122 F.3d 417, 419 (7th Cir.1997)).

Silva Gonzalez seeks to compel DHS to adjudicate his U Visa Petition or, alternatively, to place him on the waiting list. (Dkt. 1 ¶ 45(B)). Defendants seek dismissal of the complaint on three grounds: (1) lack of subject matter jurisdiction under Rule 12(b)(1); (2) improper venue under Rule 12(b)(3); and (3) failure to state a claim as to Plaintiff's plea for a writ of mandamus under 28 U.S.C. § 1361, and Plaintiff's APA claim under Rule 12(b)(6).[4] (Dkt. 6; Dkt. 7). For the reasons below, the Court finds that it lacks subject matter jurisdiction, that venue is improper, and that the Court cannot issue a writ of mandamus on the facts presented.

## DISCUSSION

### I. Subject Matter Jurisdiction

Federal Rule of Civil Procedure 12(b)(1) requires the Court to dismiss a claim if it lacks subject matter jurisdiction. Courts resolving Rule 12(b)(1) challenges employ the same "plausibility" standard used to evaluate Rule 12(b)(6) motions to dismiss. *Silha v. ACT, Inc.*, 807 F.3d 169, 174 (7th Cir. 2015). All well-pleaded facts alleged in the complaint are considered true, and all reasonable inferences are drawn in the plaintiff's favor. *Gociman v. Loyola Univ. Chi.*, 41 F.4th 873, 881 (7th Cir. 2022). "The party invoking [] jurisdiction . . . bears the burden of showing its existence." *Page v. Democratic Nat'l Comm.*, 2 F.4th 630, 634 (7th Cir. 2021). In determining whether subject matter jurisdiction exists, courts may look beyond the jurisdictional allegations in the complaint. *See CCC Info. Servs., Inc. v. Am. Salvage Pool Ass'n*, 230 F.3d 342, 346 (7th Cir. 2000).

[4] Because the Court dismisses Silva Gonzalez's APA claims for lack of subject matter jurisdiction and improper venue, the Court does not consider the Defendant's 12(b)(6) motion with respect to any merits issues related to Plaintiff's APA claims. *See Thompson v. Gertler*, 2024 WL 1301325, at *3 n.5 (N.D. Ill. Mar. 27, 2024) ("Defendants also move under Fed. R. Civ. Pro. 12(b)(6) for failure to state a claim, but the Court does not address the merits of the claims including whether [the plaintiff] has properly alleged an individual claim since the matter is dismissed on jurisdictional grounds.") (cleaned up).

Silva Gonzalez argues that this Court has subject matter jurisdiction under the Administrative Procedure Act ("APA") because the APA provides that a court may "compel agency action unlawfully withheld or unreasonably delayed." (Dkt. 9 at 2-3 (citing 5 U.S.C. § 706(1)). He alleges that USCIS has not addressed his petitions in a timely manner, (Dkt. 1 ¶¶ 34-40) and that the Court may therefore compel USCIS to adjudicate his U Visa Petition or to place him on the waitlist. (*Id.*) Defendants argue that the Court lacks subject matter jurisdiction for various reasons. Pointing first to 8 U.S.C. § 1252(a)(2)(B)(ii), they claim that the Court lacks jurisdiction because § 1252 bars the Court from considering discretionary decision making within the Immigration and Nationality Act.[5] (Dkt. 7 at 2). Along a similar vein, Defendants argue that deferred action is a "discretionary forbearance from removal" and that any parole decisions are similarly discretionary and unreviewable under 2352(a)(2)(B)(ii)'s jurisdictional bar. (Dkt. 11 at 5). They further maintain that the Court lacks jurisdiction because Silva Gonzalez has already been removed, so the two "interim benefits" that he requests (to be put on the waitlist and employment authorization) are now useless to him. (*Id.*)

Whether the Court has subject matter jurisdiction here turns on if deferred action and adjudication of Silva Gonzalez's petition—which he asks the Court to enforce—are discretionary. If they are not, the Court might have jurisdiction. If they are, the Court cannot hear his case. For the reasons below, the Court finds that a bona fide determination of a petitioner's application (which precedes waitlist placement, parole, and employment authorization) is discretionary. Accordingly, the Court lacks subject matter jurisdiction to hear Plaintiff's APA claims.

As a preliminary matter, "the power of the federal courts is severely limited in the areas of immigration and regulation of aliens." *Hampton v. Mow Sun Wong*, 426 U.S. 88, 117 (1976)

---

[5] Defendant raises this argument as to parole, but the Court appreciates its application as to all discretionary USCIS decisions discussed in this Order.

(Rehnquist J., dissenting); *Omorhienrhien v.* Barr, 952 F.3d 906, 909 (7th Cir. 2020) ("Congress has imposed tight restraints on our authority to review discretionary immigration decisions, generally removing them from our jurisdiction.") (citing 8 U.S.C. § 1252(a)(2)(B)(ii)); *Britkovyy v. Mayorkas*, 60 F.4th 1024, 1027 (7th Cir. 2023) ("Congress has sharply limited judicial review in the immigration context."). Silva Gonzalez's case evidences these limitations.

Although there is a canon of construction "favoring judicial review of administrative action," *Kucana v. Holder*, 558 U.S. 233, 249 (2019), courts may lack jurisdiction where there is "clear and convincing evidence" of congressional intent to preclude judicial review. *Reno v. Cath. Soc. Servs., Inc.*, 509 U.S. 43, 64 (1993). Unfortunately for Silva Gonzalez, courts cannot review a plaintiff's challenge of a "discretionary agency action" under the Immigration and Nationality Act. *See Lobatos et al., v. Noem*, 2025 WL 1651220, at *1 (N.D. Ill. June 11, 2025); *Nobles v. Noem*, 2025 WL 860364, at *3 (N.D. Ill. Mar. 19, 2025) (explaining that § 1252 (a)(2)(B)(ii) bars jurisdiction for discretionary actions, which are otherwise justiciable under the APA).

In *Lobatos*, this Court examined a factually analogous case in which the plaintiff—pointing to the APA—requested that the Court direct USCIS to adjudicate his U Visa Petitions and derivative I-918A Petition (for his wife) because USCIS allegedly delayed in processing their petitions. There, the plaintiff argued that the Court had subject matter jurisdiction over his case because the bona fide determination process was not discretionary. *See Lobatos*, 2025 WL 1651220, at *4. This Court disagreed, explaining that "[b]ecause the BFD Process is a predicate to the work authorization decision, which 8 U.S.C. § 1184(p)(6) undoubtedly gives the Secretary clear discretion over (i.e., the secretary 'may grant'), [it] falls under § 1252 (a)(2)(B)(ii)'s jurisdictional bar." *Id.* Put otherwise, whether someone receives work authorization is discretionary, and whether they are a bona fide applicant underlies that discretionary

determination. The bona fide determination is therefore similarly discretionary, so the Court lacked subject matter jurisdiction.

The *Lobatos* ruling and rationale apply here too. Almost identically to *Lobatos*, Silva Gonzalez asks the Court to compel USCIS to adjudicate his U Visa Petition, or, alternatively, to place him on the visa waiting list. As explained, a bona fide determination is a predicate to waitlist placement, and the bona fide determination itself is discretionary. *See id*. Because courts lack jurisdiction to review USCIS's discretionary determinations, the Court lacks subject matter jurisdiction to consider Silva Gonzalez's APA-based pleas.

**II. Venue is Improper**

Federal Rule of Civil Procedure 12(b)(3) permits the dismissal of complaints filed in an improper venue. After a defendant challenges the plaintiff's choice of venue, the plaintiff bears the burden of establishing that venue is proper. *See Hansen v. Nw. Univ.*, 2025 WL 2731378, at *4 (N.D. Ill. Sept. 24, 2025). Because this is a "civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity[,]" venue is governed by 28 U.S.C. § 1391(e)(1). *See Ahir v. Noem*, 2025 WL 2522642, at *4 (N.D. Ill. Sept. 2, 2025). Under 28 U.S.C. § 1391(e)(1), a case may "be brought in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action."

Silva Gonzalez brings this case under the second prong of 28 U.S.C. § 1391(e)(1), which allows a case to be brought in any District where "a substantial part of the events or omissions giving rise to the claim occurred[.]" (Dkt. 9 at 9-10). He argues that the underlying crime—

which occurred in Addison, Illinois—is the "sole event that gave rise to the U Visa Application and this mandamus claim[.]" (*Id.* at 10). Thus, Plaintiff posits, venue is proper.

In support of his contention that venue is proper because the "sole" event (the underlying crime) occurred in this District, Silva Gonzalez points the Court to *Hanyuan Dong v. Garcia*, 553 F.Supp.2d 962 (N.D. Ill. Apr. 23, 2008). In *Dong,* the court determined that venue was improper because the underlying tort did not occur within this District. *Dong*, 553 F.Supp.2d at 965. Flipping *Dong* on its head, Plaintiff argues that because the underlying crime (allegedly akin to the tort in *Dong*) occured within this district, venue is proper. (Dkt. 9). This argument fails for two reasons. First, because Plaintiff's logic does not hold. Just because venue is improper if the underlying wrongdoing <u>did not</u> occur within a district does not mean that the inverse is true. Second, as Defendants rightly point out, "this is not a lawsuit about the crime." (Dkt. 11 at 3). Rather, it is a lawsuit about USCIS's alleged delays and inaction on Silva Gonzalez's petitions. (*See* Dkt. 1). Put otherwise, the "substantial event" leading to this lawsuit is USCIS's alleged inaction, not the crime to which Silva Gonzalez was a victim. Plaintiff has therefore failed to allege facts showing that the events giving rise to their claim occurred in this District. *See Ahir v. Noem*, 2025 WL 2522642, at *5 (N.D. Ill. Sept. 2, 2025) (holding that venue was improper where the plaintiffs argued "that the 'underlying crime' occurred in this district" because "the events or omissions giving rise to [the plaintiffs'] claims are USCIS's alleged delays and inaction" and not the underlying crime itself). Even if the Court did have subject matter jurisdiction over Plaintiff's APA claims, it was brought in the improper venue.

### III. Issuance of a Writ of Mandamus Would be Improper

APA claims aside, Defendants also move to dismiss Silva Gonzalez's request that the Court issue a writ of mandamus to compel USCIS to adjudicate his petition, arguing that mandamus is improper. Specifically, they claim that mandamus is improper because Silva Gonzalez has no right to a waitlist determination and because USCIS is not required to adjudicate the waitlist determination within any particular time frame. (Dkt. 7 at 6, 9-10). Thus, Defendants argue, the complaint fails to plausibly allege unreasonable delay. (*Id.* at 9).

District courts have mandamus jurisdiction to "compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361; *Iddir v. I.N.S.*, 301 F.3d 492, 499 (7th Cir. 2002). "Mandamus relief will be granted if the plaintiff can demonstrate that . . . three enumerated conditions are present: (1) a clear right to the relief sought; (2) that the defendant has a duty to do the act in question; and (3) no other adequate remedy is available." *Calderon-Ramirez v. McCament*, 877 F.3d 272, 275 (7th Cir. 2017) (cleaned up). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see Lobatos*, 2025 WL 1651220, at *6-7 (applying a 12(b)(6) plausibility standard to mandamus claims seeking adjudication of a U Visa petition on a motion to dismiss).

In cases like these, mandamus is improper unless the Court is presented with facts differentiating a plaintiff's situation from that of other visa petitioners with longer delays. *Calderon-Ramirez*, 877 F.3d at 275-76 ("With nothing in the record to suggest [the petitioner's] wait time has been any more unreasonable than other petitioners waiting in the same line, [the court had] no reason to grant mandamus relief."). This analysis is important because, given the

statutory cap, if the Court were to expedite Silva Gonzalez's petition, it would necessarily bump other petitions in line for adjudication. This is fundamentally unfair; unless Plaintiff can show that his situation is remarkable, the Court does not delay other petitions. *Id* at 275. ("[D]ue to the significant backlog of U-visa applications, we must determine whether [Plaintiff] has a right to skip ahead of other petitioners who filed an application before [Plaintiff], but who are also waiting for adjudication for the U-visa waiting list.").

Silva Gonzalez has not provided the Court with any facts to show that his situation fares worse than that of other U Visa applicants waiting for their petitions to be adjudicated. He only states that just over nine months passed between the date he filed his petitions and the date he filed his complaint. (*See* Dkt. 1 ¶ 27), and, at the time he filed the complaint, he had not received information from USCIS about the timing of his Petition adjudication. (*Id.* ¶ 31). Without more details, Silva Gonzalez's request that the Court issue a writ of mandamus to adjudicate his petition is denied without prejudice. *See Lobatos*, 2025 WL 1651220, at *4 (explaining that mandamus was not appropriate where the petitioners provided no facts to contextualize their position and show why their wait time was unreasonable as compared to other petitioners where petitioners filed the case fourteen months after filing their petitions); *Patel v. Noem*, 831 F. Supp. 3d 693, 696 (N.D. Ill. 2026) (holding that 15 months was not an unreasonable delay warranting a writ of mandamus).

**Conclusion**

For the foregoing reasons, the Court GRANTS Defendant's motion to dismiss. [6].

Virginia M. Kendall
Chief Judge

Date: October 22, 2026